UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DOUGLAS ROBERSON,**

        **Plaintiff,**      **CASE NUMBER: 06-14543**
                                        **HONORABLE VICTORIA A. ROBERTS**

**v.**

**DETROIT POLICE DEPARTMENT,**
        **Defendant.**
_____/

### ORDER GRANTING REQUEST FOR
### *IN FORMA PAUPERIS* STATUS, AND DISMISSING COMPLAINT

Douglas Roberson ("Roberson"), acting *pro se,* seeks to file a case against the Detroit Police Department. Mr. Roberson requests that he be allowed to proceed *in forma pauperis.*[1]

Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915, but such requests must be accompanied by an "affidavit that includes a statement of all assets." 28 U.S.C. § 1915(a)(1). In Mr. Roberson's application, he indicates that he is unemployed and has received no income in the last 12 months. Mr. Roberson also indicates that he does not have any assets or money in a savings or checking account.

---

[1] 28 U.S.C. §1915(a)(1) allows indigents to receive a waiver of filing fees:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Therefore, the Court finds that Mr. Roberson has provided complete information to support his motion for *in forma pauperis* ("IFP") status. Given his lack of income and assets, the Court also finds that he is indigent. Mr. Roberson's motion to proceed *in forma pauperis* is **GRANTED**.

However, his Complaint is DISMISSED; this Court lacks subject-matter jurisdiction. Mr. Roberson's Complaint alleges that the Detroit Police Department has been harassing him for approximately one year. Plaintiff asserts that narcotics police officers from November 13, 2005 to October 13, 2006 have unlawfully detained him and physically and mentally abused him. On October 13, 2006, narcotic police officers allegedly stopped Plaintiff three times. During two of these stops, the officers used profanity while searching Plaintiff. When the officers pulled Plaintiff over for a third time, they presented a warrant for his arrest. After tightening handcuffs onto Plaintiff, the officers "bumped" his head against the squad car. Then, Plaintiff was arrested and taken to the Wayne County Jail. Plaintiff claims that despite being released by Court order, he was unlawfully detained at the jail for five hours. Mr. Roberson essentially complains that Detroit Police officers have engaged in a pattern of police harassment and false arrest that has resulted in extreme emotional distress.

The Court recognizes that *pro se* complaints, such as Mr. Roberson's, are to be liberally construed and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)(quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Harris v. Johnson,* 784 F.2d 222, 224 (6th Cir. 1986).

"To state a cause of action under § 1983, a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person who

was acting under color of state law."[2]  *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).  Injuries caused by mere negligence do not constitute a "deprivation" of a constitutionally protected right.  *Ahlers v. Schebil*, 994 F.Supp. 856, 864 (E.D.Mich. 1998).

Here, Plaintiff sufficiently alleges that the Detroit Police officer's were acting under color of law.  Plaintiff's complaint also sets forth factual allegations which support concluding that the officers violated his constitutional rights.  This case, however, should be dismissed against the City of Detroit Police Department because the police department is not a legal entity against whom a suit can be directed.  *Haverstick Enterprises, Inc. v. Fin. Federal Credit, Inc.*, 803 F.Supp. 1251, 1256 (E.D.Mich. 1992) citing *Michonski v. City of Detroit,* 162 Mich.App. 485, 413 N.W.2d 438 (1987) (public lighting department is not separate legal entity against whom tort action may be brought).  Rather, the City of Detroit Police Department is merely a creature of the City of Detroit and therefore the City of Detroit is the proper defendant in this case along with the County and individual police officers.  *Pierzynowski v. Police Dept. City of Detroit*, 941 F.Supp. 633, 637 (E.D.Mich. 1996); *see Moomey v. City of Holland,* 490 F.Supp. 188 (W.D.Mich.1980) (police department is a creature of the city under Mich. Comp. Laws Ann. § 92.1).

---

[2] 42 U.S.C. § 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or cause to be subjected, any citizen . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Given that Plaintiff is proceeding *pro se*, the Court is reluctant to dismiss his action.  See *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)(construing *pro se* pleadings liberally).  Plaintiff, however, failed to name the proper defendants in his complaint.  Therefore, the Court **DISMISSES** Mr. Robertson's complaint without prejudice, *sua sponte*, pursuant to 28 U.S.C. §§ 1331 and Fed. R. Civ. P. 12(h)(3).

**IT IS SO ORDERED**.

                                                  s/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated:  December 1, 2006

> The undersigned certifies that a copy of this document was served on the Plaintiff and attorneys of record by electronic means or U.S. Mail on December 1, 2006.
>
> s/Linda Vertriest
> Deputy Clerk